NOT DESIGNATED FOR PUBLICATION

Nos. 124,464
124,465

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN S. BECKNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed August 5, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: After finding Justin S. Beckner violated his probation by failing to abide by the conditions of his probation and by committing a new crime, the district court revoked his probation and imposed his underlying prison sentences in 18CR3396 (Case 1) and 19CR559 (Case 2). Beckner appeals. We granted Beckner's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

Under a plea agreement, Beckner pleaded guilty to felony domestic battery in Case 1 and felony domestic battery and misdemeanor violation of a protective order in Case 2. The district court accepted Beckner's pleas and found him guilty of those crimes. In Case 1, the court sentenced him to 12 months in jail. In Case 2, the court sentenced him to serve consecutive 12 months sentences for each conviction. The court suspended the jail sentences to the terms of a 24-month probation.

Upon motion made by the State, the court conducted a probation violation hearing approximately a year later. Beckner stipulated to some of the violations, and the district court gave him a 60-day jail sanction and extended his probation by 24 months.

The court held another probation violation hearing at the State's request roughly a year later. After an evidentiary hearing, the district court found Beckner violated the conditions of his probation by not providing evidence of employment, by consuming alcohol, and by committing a new crime of domestic battery against the same victim as the original charge. The district court revoked Beckner's probation and imposed his underlying sentences in both cases.

Beckner timely appeals.

ANALYSIS

An appellate court reviews the appropriateness of a district court imposed probation violation sanction for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party claiming

2

abuse of discretion bears the burden to establish such abuse occurred. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

Under the probation revocation statute, a district court must first exhaust the required intermediate sanctions before revoking a defendant's probation, unless it finds that a statutory exception applies, allowing it to bypass the intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c). A court is not required to impose intermediate sanctions if the defendant commits a new felony or misdemeanor while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). At the probation revocation hearing, the district court found Beckner committed a new crime of domestic battery. Beckner does not challenge that finding. Accordingly, both parties admit the district court could revoke Beckner's probation and order him to serve his remaining prison sentence.

Because Beckner does not argue that the district court committed an error of fact or an error or law, we turn to the reasonableness of the court's decision. A decision is unreasonable if "'no reasonable person would have taken the view adopted by the trial court.'" *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). We hold that the district court's decision was reasonable. Beckner was on probation in two cases for domestic battery convictions. He had already received a 60-day sanction for violating the conditions of his probation. At that hearing, the district court warned Beckner about any more violations. Beckner's criminal history is extensive, and his violation was committing the same crime as his crimes of conviction against the same victim. Because we cannot find that no reasonable person would have taken the view adopted by the trial court, we hold that the district court did not abuse its discretion.

Affirmed.